**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**DAVID TERRENCE STEPHENS,
D.O.C. # 059682,**

    Plaintiff,

vs.                                                 Case No. 4:16cv663-RH/CAS

**JULIE JONES, et al.,**

    Defendants.

_____ /

## REPORT AND RECOMMENDATION

This civil rights case was initiated by David Terrence Stephens on October 19, 2016. On the same day Mr. Stephens submitted this case, he submitted two other cases as well: case number 4:16cv664-MW-CAS and case number 4:16cv665-RH-CAS. In addition to these three cases, he previously attempted to file six cases in this Court. All of these cases have been summarily dismissed for the same reason: Mr. Stephens has "three strikes" under 28 U.S.C. § 1915(g). None of these complaints come within the exception to the three strikes bar, that is, Mr. Stephens does not demonstrate that he faces "imminent danger of serious physical injury."

Mr. Stephens is fully aware that he has "three strikes" and is not permitted to proceed with in forma pauperis status absent specific allegations in a complaint which demonstrate that he faces "imminent danger of serious physical injury." The prior six dismissals in this year alone have so advised Mr. Stephens. See case number 4:16-cv-00005-WS-GRJ, dismissed on February 1, 2016; case number 4:16-cv-00088-MW-CAS, dismissed on March 11, 2016; case number 4:16-cv-00173-MW-CAS, dismissed on May 17, 2016; case number 4:16-cv-00316-WS-CAS, dismissed on July 11, 2016; case number 4:16-cv-00465-RH-CAS, dismissed on October 24, 2016; and case number 4:16-cv-00473-WS-CAS, dismissed on October 3, 2016.

The instant complaint submitted by Mr. Stephens is a variation of the same complaints he has been submitting. It is against a multitude of Defendants who are located across the state of Florida, from the Department of Corrections' Central Office, to Avon Park Correctional Institution, Okeechobee Correctional Institution, and Liberty Correctional Institution. Plaintiff is currently incarcerated at Liberty Correctional Institution, but because so many of the named Defendants are not physically located with Mr. Stephens, he cannot be in "imminent danger of

serious physical injury." Mr. Stephens has been advised of that fact in every case submitted, and dismissed, this year.

Mr. Stephens has also been advised that a viable complaint cannot span a wide range of time, as this complaint does. He was informed that shotgun pleadings are not sufficient to proceed, yet he continues to submit complaints which do not correct those deficiencies. Mr. Stephens has made no effort to present a short and plain statement of a claim, supported by clear factual allegations demonstrating he is under imminent danger of serious physical injury as required by Rule 8(a) and 28 U.S.C. § 1915(g). This case should be dismissed.

**RECOMMENDATION**

It is **RECOMMENDED** that this case be **DISMISSED** pursuant to 28 U.S.C. § 1915(g) as Mr. Stephens has more than "three strikes" under § 1915(g)[1] and the instant complaint does not demonstrate that he is in imminent danger of serious physical injury. The motion for in forma pauperis status, ECF No. 2, should be **DENIED**. It is further

---

[1] Prior cases filed by Mr. Stephens and dismissed by the Middle District of Florida as either frivolous, malicious, or for failure to state a claim include: case no. 6:01cv1512, case no. 6:04cv695, case no. 6:04cv811, case no. 8:06cv319, case no. 6:07cv536, case no. 8:09cv194, and case no. 8:11cv1342. *See* case no. 8:13cv1397. Additionally, Mr. Stephens has had cases dismissed under § 1915(g) including, but not limited to: case no. 8:14cv1861, case no. 8:14cv553, and case no. 8:13cv1397.

**RECOMMENDED** that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this case was dismissed pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on October 25, 2016.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**